## In re FREEDLANDER.

Court of Customs and Patent Appeals. December 19, 1929.

Patent Appeal No. 2182.

H. A. Toulmin and H. A. Toulmin, Jr., both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Judge. This is an appeal by Abraham L. Freedlander from the refusal of the Board of Appeals to allow four claims of his application for improvements in driving belts. The four claims are as follows:

"1. A two member belt, comprising an inner or compression member, and a tension member, which latter constitutes also the general bulk or body of the belt outside of the inner member.

"2. A two member belt, comprising an inner or compression member composed of stiflex constituted of a body of rubber mixed with fiber, fabricated into sheet form, and a tension member composed of rubberized cord fabric and constituting also the general bulk or body of the belt outside of the inner member.

"3. A two member belt, comprising an inner or compression member and a tension member, which latter constitutes also the general bulk or body of the belt with a vulcanized rubber protecting cover overlying the periphery of the tension member.

"4. A two member belt, comprising an inner or compression member composed of stiflex constituted of a body of rubber mixed with fiber, fabricated into sheet form, and a tension member composed of rubberized cord fabric and constituting also the general bulk or body of the belt outside of the inner member, with a vulcanized rubber protecting cover overlying the periphery of the tension member."

The decision of the Board of which appellant complains is short, and is here set out in full:

"This is an appeal from the final rejection of all the claims in the case, four in number; claim 1 being illustrative and reading as follows:

" '1. A two member belt, comprising an inner or compression member, and a tension member which latter constitutes also the general bulk or body of the belt outside of the inner member.'

"The references relied upon are as follows: Gates, 1,354,738, October 5, 1920. Short, 1,538,303, May 19, 1925.

"Appellant's invention consists of a belt having an inner compression member, and a tension member which 'constitutes the general bulk or body of the belt,' overlying which is a vulcanized rubber protecting cover.

"The claims stand rejected on both Gates and Short. Appellant contends that Gates does not disclose a two member belt and that he shows more fabric layers than cord layers. Gates shows a fabric compression member 19 and a tension cord member 20, each of which, he states, may consist of one or more layers. In our opinion appellant's limitation that the tension member 'constitutes the general bulk

or body of the belt' distinguishes from Gates at most in an unpatentable matter of degree. The same is true of the construction shown in the Short belt.

"Appellant further contends that Gates and Short do not show 'two member belts' but belts having three members. In Gates the compression and tension members are surrounded by a rubberized fabric *18*. The belt of appellant is not strictly speaking a two member belt for he has an outer protecting layer *5*.

"We find no error in the holding of the Examiner, and his decision is accordingly affirmed."

It seems that this opinion answers the contentions of applicant except as to one, specially emphasized in this court, to the effect that in claims 2 and 4 is the provision for the "inner or compression member composed of stiflex constituted of a body of rubber mixed with fiber, fabricated into sheet form," which constitutes a patentable difference between his belt and those shown in the references.

In the Examiner's statement we find the following with reference to the "stiflex" provision:

"The naming of the inner layer 'stiflex' and substitution of the same for the inner fabric layer of Short in which it forms a resilient backing for the cord tension fabric is not deemed an inventive change."

The brief of the Commissioner of Patents, in this court, in answer to applicant's argument concerning "stiflex," has the following to say:

"As to claims 2 and 4 appellant presents the further argument, at page 13 of his brief, that neither of the reference patents shows an inner compression member composed of stiflex, that is, rubber having intermixed therewith fiber. It was held that this inner layer of stiflex was merely the equivalent of Short's inner layer. Furthermore, Gates' inner compression layer *19* is formed of rubberized fabric. Fabric is made of fibers, and so fabric is fiber. Rubberized fabric is therefore fiber mixed with rubber. Similarly in Short's disclosure the skin coating *27* of rubber with the fabric makes rubberized fabric, or fiber mixed with rubber. It is accordingly submitted that either reference clearly discloses an inner compression member composed of rubber having intermixed therewith fiber."

With this view of the Commissioner and the Examiner we agree. The decision of the Board of Appeals was correct, and should be and is affirmed.

Affirmed.